UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE MELVIN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
    _____/

Case No. 2:18-cv-13405

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTION [27],
ADOPTING REPORT AND RECOMMENDATION [26],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19]**

The Commissioner of the Social Security Administration ("SSA") denied Plaintiff Dale Melvin's application for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 7-2, PgID 54–63. After the SSA Appeals Council declined to review the ruling, Melvin appealed, ECF 1, and the Court referred the matter to Executive Magistrate Judge R. Steven Whalen. The parties filed cross-motions for summary judgment. ECF 3, 13, 19. The magistrate judge issued a report and recommendation ("Report") suggesting that the Court deny Melvin's motion and grant the Commissioner's motion. ECF 26. Melvin timely filed an objection to the Report. ECF 27.

After examining the record and considering Melvin's objection de novo, the Court concludes that his arguments lack merit. The Court will therefore overrule the

1

objection, adopt the Report's findings, deny Melvin's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly details the events giving rise to Melvin's action against the Commissioner. ECF 26, PgID 623–632. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Civil Rule 72(b) governs the review of the magistrate judge's Report. A district court's standard of review depends on whether a party files objections. The Court need not undertake any review of portions of the Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Individuals who receive an adverse final decision from the Commissioner may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted).

Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys.—Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

## DISCUSSION

Melvin argues that the magistrate judge erred because he failed to consider Melvin's subjective complaints of pain. ECF 27, PgID 648. But the magistrate judge did address Melvin's various subjective complaints of pain. *See* ECF 26, PgID 640–42. For example, the magistrate judge, like the ALJ before him found that Melvin's physician prescribed Neurotin and Norco in March 2016 to address Melvin's pain. ECF 26, PgID 641. And the magistrate judge further found that Melvin "reported that his symptoms were controlled" the month after he was prescribed the medications, *id.* at 641–42, and that in March 2018, another physician found that Melvin had "full strength in all extremities and no tenderness of either the cervical or lumbar spine," *id.* at 642. The magistrate judge properly found, based on the above evidence, that "[t]he ALJ's discussion and conclusions regarding the subjective allegations of degenerative disc disease [did] not provide grounds for remand." *Id.*

3

To the extent that Melvin is merely rehashing his argument from his motion for summary judgment, the objection is improper. The magistrate judge sufficiently addressed and properly rejected the argument in the Report. *See Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017). The ALJ adequately reviewed and evaluated Melvin's subjective symptoms and provided a detailed analysis of the record when he found that Melvin was not disabled. *See* ECF 7-2, PgID 58–61. The Court will therefore overrule Melvin's objection.

**CONCLUSION**

The Court has carefully reviewed the parties' motions, the Report, and Melvin's objection. The Court finds Melvin's objection unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Melvin's motion for summary judgment.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Melvin's objection [27] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [26] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Melvin's motion for summary judgment [13] is **DENIED**.

4

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [19] is **GRANTED**.

**SO ORDERED.**

                                         s/ Stephen J. Murphy, III
                                         STEPHEN J. MURPHY, III
                                         United States District Judge

Dated: February 28, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2020, by electronic and/or ordinary mail.

                                         s/ David P. Parker
                                         Case Manager